UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ROMAN ANGELO ROYAL,<br><br>    Plaintiff,<br><br>v.<br><br>SCURRY COUNTY, et al.,<br><br>    Defendants. | No. 5:23-CV-214-H-BV |

**AMENDED ORDER ADOPTING FINDINGS, CONCLUSIONS,
AND RECOMMENDATIONS OF THE MAGISTRATE
JUDGE AND OVERRULING THE PLAINTIFF'S OBJECTIONS**

Before the Court are the Findings, Conclusions, and Recommendations (FCR) of United States Magistrate Judge Amanda 'Amy' R. Burch (Dkt. No. 65) and the plaintiff's objections (Dkt. No. 68). Judge Burch recommends granting the motion to dismiss (Dkt. No. 51) filed by the City of Snyder and Chief Haggard under Federal Rule of Civil Procedure 12(b)(6) because Royal has failed to adequately plead facts sufficient to support his claims, and the excessive-force claim against Chief Haggard was brought in the wrong capacity. Dkt. No. 65 at 2. The plaintiff timely filed objections to the FCR. Dkt. No. 68.

The Court overrules the plaintiff's objections and adopts the FCR in full. The plaintiff has failed to adequately plead any claim against Chief Haggard in his individual capacity. Further, the plaintiff's complaint lacks sufficient factual matter to support his municipal-liability claim or his claim under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA).[1]

---

[1] "The language in the ADA generally tracks the language set forth in the RA." *Delano-Pyle v. Victoria County*, 302 F.3d 567, 574 (5th Cir. 2002). As a result, "[j]urisprudence interpreting either section is applicable to both." *Id.* (citation omitted). The Court therefore refers throughout this Order only to the ADA, but the analysis applies to both the ADA and the RA equally.

1.  **Factual and Procedural Background**

In evaluating the defendants' motion to dismiss, the Court accepts as true the relevant facts alleged in Royal's third amended complaint, as it must at this procedural stage. *See Richardson v. Axion Logistics, LLC*, 780 F.3d 304, 306 (5th Cir. 2015). Royal has paranoid schizophrenia. Dkt. No. 45 at 23. Royal had an outstanding misdemeanor warrant issued by Mitchell County, Texas. *Id.* at 3, 7. In November 2022, officers in the Snyder Police Department located his vehicle and conducted a traffic stop. *Id.* at 3, 4. Department officers attempted to verify Royal's identity, but Royal "did not wish to be identified [or] cooperate." *Id.* at 4. After nearly 40 minutes, in an attempt to get Royal out of the vehicle, an officer struck a hole in the driver's side window with a baton and stuck his hand through the glass, pepper-spraying Royal. *Id.* Royal did not exit the vehicle and instead pressed the gas pedal and escaped (the daytime evading). *Id.* The then-police chief, Chief Haggard, began shooting at the vehicle as it left the scene. *Id.* at 7.

Royal evaded officers for several hours. *Id.* at 9. Meanwhile, Chief Haggard ordered a helicopter to search for Royal. *Id.* at 6. Officers located Royal in "a large tractor," which Royal had driven "into the middle of a large moat" on another person's land (the nighttime evading). *Id.* at 8–9. Officers shot at the tractor using "glass-breaker bullets" or "rubber bullets," during which Royal lost a tooth "despite the fact he had his hands up." *Id.* Officers ordered Royal to exit the tractor and swim to the shore. *Id.* at 8. Once officers detained Royal, they sent him to a local hospital for care. *Id.*

Royal was charged with three counts of aggravated assault of a peace officer and two counts of evading arrest stemming from each of the daytime evading and the nighttime

evading. *Id.* at 4, 7. Royal was convicted of the daytime-evading charge, and the nighttime-evading charge was dismissed. *Id.*

Royal brought suit against the City of Snyder and Chief Haggard[2] for (1) failure to accommodate and disability discrimination under the ADA, and (2) excessive use of force and municipal liability for maintenance of unconstitutional policies and failure to train, in violation of the Fourth Amendment, under 42 U.S.C. § 1983. *See* Dkt. No. 45. The ADA claim was brought against Chief Haggard in both his official and individual capacities, while the excessive-force and municipal-liability claims were brought against Chief Haggard in only his official capacity. *See id.* at 25, 27. The City and Chief Haggard moved to dismiss Royal's complaint for failure to state a claim. Dkt. No. 51. Judge Burch entered an FCR recommending that the Court grant the City and Chief Haggard's motion to dismiss because: (1) the plaintiff has not pled facts adequate to establish a plausible claim for relief under the ADA; (2) the plaintiff's claim of municipal liability is conclusory and devoid of factual support; and (3) the plaintiff has failed to plead an excessive-force claim against Chief Haggard in his individual capacity. Dkt. No. 65 at 2. Royal filed objections to the FCR within 14 days. *See* Dkt. No. 68.

## 2.  Legal Standards

### A.  Review of the Magistrate Judge's Recommendations

When a party files objections to a Magistrate Judge's recommendations, the Court must review those objected-to portions de novo. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); 28 U.S.C. § 636(b)(1). However, as for portions where no

---

[2] Royal also brought claims against Scurry County and the Scurry County jail (*see* Dkt. No. 45), but those entities are not parties to the instant motion to dismiss. *See* Dkt. No. 51.

specific objections are filed within the 14-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

### B. Motion to Dismiss under Rule 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Therefore, a plaintiff must allege sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plaintiff's claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). If a complaint "pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Defendants can challenge the sufficiency of a complaint through a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). In resolving a motion to dismiss, a court must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Richardson v. Axion Logistics, LLC*, 780 F.3d 304, 306 (5th Cir. 2015) (cleaned up) (quoting *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010)). However, this tenet does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

   3.   Analysis

      A.   **The Court has found no plain error in the unobjected-to portions of the FCR and thus adopts those portions of the FCR.**

The FCR determined that because Royal has brought claims under 42 U.S.C. § 1983 against both the City and Chief Haggard in his official capacity, the official-capacity claims are redundant and should be dismissed. Dkt. No. 65 at 10. The FCR also concluded that Royal's excessive-force claim fails against Chief Haggard for the same reason, and the excessive-force claim against the City fails because a city is not liable under section 1983 under a respondeat-superior theory. *Id.* at 11–12. Finally, the Magistrate Judge declined to consider Royal's untimely filed exhibits in support of his objection to the motion to dismiss because the exhibits presented were not central to his claims and therefore not properly considered on a motion to dismiss. *Id.* at 8–9.

Royal appears to agree that the official-capacity claims against Chief Haggard were properly dismissed, stating in his objections that "[m]oreover, admitted, Royal has sued Haggard in the wrong capacity, to the extent he intends to assert an excessive force claim against Haggard personally. Plaintiff has no objection thereto [sic]." Dkt. No. 68 at 6. In any case, Royal did not specifically object to any of these portions of the FCR. *See generally id.*

The Court has reviewed these unobjected-to portions of the FCR for plain error. Finding none, the Court accepts and adopts those portions of the FCR.

      B.   **Royal fails to state a municipal-liability claim.**

"To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Trammell v. Fruge*, 868 F.3d 332, 344 (5th Cir.

2017) (quoting *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)). "To proceed beyond the pleading stage, a complaint's description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (internal quotation marks omitted) (ellipses original). The FCR recommends dismissal of the municipal-liability claim as against the City and Chief Haggard because Royal has failed to plausibly allege that there was any practice or policy that can form the basis of Royal's municipal-liability claim. *See* Dkt. No. 65 at 16–23.

First, Royal presents various "objections" that merely recite—nearly verbatim but for minor, insignificant wording and formatting changes—large portions of the FCR. *Compare* Dkt. No. 65 at 12–13, 15, *with* Dkt. No. 68 at 15–16; *compare* Dkt. No. 65 at 13–14, *with* Dkt. No. 68 at 16–17; *compare* Dkt. No. 65 at 14–15, *with* Dkt. No. 68 at 17–18; *compare* Dkt. No. 65 at 19–20, *with* Dkt. No. 68 at 20–21. However, an objection must be "sufficiently specific to put the district court on notice of the urged error." *Williams v. K & B Equipment Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Thus, "[f]rivolous, conclusive[,] or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982) (en banc)). These "objections" by Royal merely inform the Court that Royal disagrees with some unspecified finding or conclusion within each section recited by Royal. They do not put the Court on notice of the specific error that Royal urges. *See Williams*, 724 F.2d at 511. The Court therefore overrules those "objections" because they merely repeat the portions of the FCR with which Royal disagrees rather than explaining the basis of Royal's objection.

Next, Royal does raise disagreements going beyond recitation of the FCR that contest the FCR's determination that Royal failed to state a municipal-liability claim based on either an unconstitutional policy or a failure to train. However, even construing those disagreements as objections and conducting de novo review, the Court overrules each objection.

### i. Royal's objection that he has stated a claim based on the single-decision exception or ratification are overruled.

For a municipal-liability clam, the plaintiff must ultimately show that the municipality's policy either is itself unconstitutional or was "'adopted with deliberate indifference to the known or obvious fact' that a specific constitutional violation would follow." *Liggins v. Duncanville*, 52 F.4th 953, 955 (5th Cir. 2022) (quoting *Webb v. Town of Saint Joseph*, 925 F.3d 209, 219 (5th Cir. 2019)). A "policy can be shown through evidence of an actual policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority." *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010). In addition, the plaintiff may show that there is a "persistent, widespread practice of [municipal] officials or employees" that "is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)). Finally, a single incident or decision may satisfy the deliberate-indifference standard where the constitutional harm was a "plainly obvious consequence of the actor's single decision." *Liggins*, 52 F.4th at 955. The FCR recommends dismissal because Royal has failed to (1) allege a widespread practice of using excessive force, (2) plead facts supporting the single-decision exception, and (3) allege that the City ratified an extreme use of excessive force. Dkt. No. 65 at 17–20.

Regarding widespread practice, the FCR determined that Royal failed to identify any such practice based on two dissimilar incidents in which the City allegedly used excessive force. *See* Dkt. No. 65 at 17. Royal does not contest this determination and, in fact, agrees that his municipal-liability claim "derive[s] from an isolated incident." Dkt. No. 68 at 18. Having reviewed the widespread-practice finding for plain error and finding none, the Court adopts the FCR's findings and conclusions on that issue.

Regarding the single-decision exception, Royal objects that "[e]vidence exists that shooting at suspect and directing officers to light him up could be construed as a deliberate indifference [sic]." Dkt. No. 68 at 19. Royal further asserts that he "was no imminent threat to others," that he "was unarmed," and that "[n]o exigent circumstances existed to justify helicopters and glass breaker bullets." *Id.* As the FCR thoroughly addressed, when officers must make quick decisions regarding how to intervene with an individual acting erratically and endangering himself—for example, shooting an unarmed suspect suffering a "mental breakdown" when he reached for a cell phone—the officers' actions do not "evidence an intentional ignorance of all the associated risks" sufficient for a municipal-liability claim to survive dismissal. *Liggins*, 52 F.4th at 954, 956. Here, even accepting that Royal was unarmed, Royal had fled the scene of an immediately prior arrest, used his vehicle to commit aggravated assault against a police officer, stolen a tractor and driven it into a moat, and repeatedly denied police orders. *See* Dkt. No. 65 at 18. Royal's allegations fail to plead any facts that "evidence an intentional ignorance" of the risks to Royal's Fourth Amendment rights. *See Liggins*, 52 F.4th at 956; *see also* Dkt. No. 65 at 18–19. This objection is therefore overruled.

Next, regarding ratification, Royal notes that the ratification theory is limited to "extreme factual situations" but argues that he has "pled 'extreme' [facts]" to support the theory. Dkt. No. 68 at 20 (citations omitted). Other than Royal's contention that the circumstances he has pled are extreme, he provides no argument, instead repeating the FCR's determination that the circumstances alleged are not sufficiently extreme and require dismissal. *See* Dkt. No. 68 at 20–21. But even taking this mere disagreement with the FCR as an objection, Royal's allegations are insufficient to state a municipal-liability claim based on ratification for the same reasons explained in detail in the FCR. *See* Dkt. No. 65 at 19–20. As explained by the Fifth Circuit in *Peterson*, ratification is limited to "extreme factual situations." 588 F.3d at 848 (quoting *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998)). For instance, the Fifth Circuit held that ratification does not apply in a case "in which [an] officer shot [a] fleeing suspect in the back." *Id.* (citing *Synder*, 142 F.3d at 798). In addition, ratification "does not stand for the broad proposition that" an official policy exists "if a policymaker defends his subordinates and if those subordinates are later found to have broken the law." *Id.*

Here, Royal asserts only that the City did not discipline the officers that used force during Royal's arrest. Dkt. No. 45 at 12–13. This allegation lacks sufficient factual support for Royal's assertion of ratification and does not present the kind of extreme conduct required for ratification. *See Peterson*, 588 F.3d at 848; *Synder*, 142 F.3d at 798; *see also* Dkt. No. 65 at 19–20. Accordingly, the Court overrules Royal's objection regarding ratification.

        ii.    **Royal's objection that he has stated a claim based on a failure to train or supervise is overruled.**

In addition to adequately alleging a policy of excessive force, a plaintiff may state a municipal-liability claim by pleading that "(1) the city failed to train or supervise the officers

involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Edwards v. City of Balch Springs*, 70 F.4th 302, 312 (5th Cir. 2023) (internal quotation marks omitted) (quoting *Peña*, 879 F.3d at 623). To adequately support a failure-to-train claim, "a plaintiff must allege with specificity how a particular training program is defective." *Id.* (quoting *Trammell*, 868 F.3d at 345).

The FCR recommends dismissal of Royal's claims based on a failure to train and supervise because (1) Royal failed to plead facts showing the deficiencies in the City's training and (2) Royal's claim relies on a single incident of alleged misconduct that does not satisfy the single-incident exception. Dkt. No. 65 at 21–23. Royal objects that requiring him to "plead facts showing the deficiencies in the City's training is illogical[,] for there was no training with regard to mental illness." Dkt. No. 68 at 21 (emphasis omitted).

As the FCR explains, Royal's third amended complaint lacks sufficient factual allegations to state a claim for relief. Royal's complaint asserts that the City failed to "properly train or supervise members of the Snyder Police Department not to use intermediate or deadly force against an individual who does not place the officer or another at risk of imminent serious bodily injury or death" and failed to "train officers on responding to mental health crises." Dkt. No. 45 at 12–13. But "a plaintiff must allege with specificity how a particular training program is defective." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010) (quoting *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005)). Royal's complaint provides his proffered conclusion that the City's training is inadequate, but he provides no factual allegations alleging what those inadequacies are.

Contrary to Royal's assertion that it is "illogical" to require him to plead how the City's training was deficient, Fifth Circuit precedent requires a plaintiff to do just that, with specificity. *Id.*; *see also* Dkt. No. 65 at 21–22. The Court thus overrules Royal's objection.

### C. Royal fails to state a claim under the ADA.

To state a viable claim for disability discrimination under the ADA, the plaintiff must allege, and ultimately show, that (1) "he is a qualified individual within the meaning of the ADA," (2) the public entity is excluding him "from participation in, or" denying him the "benefits of, services, programs, or activities for which the public entity is responsible, or" the entity is otherwise discriminating against him, and (3) "that such exclusion, denial of benefits, or discrimination is by reason of his disability." *Windham v. Harris County*, 875 F.3d 229, 235 (5th Cir. 2017) (quoting *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004)).

A plaintiff may satisfy the third element by alleging that the public entity failed to accommodate, under which theory a plaintiff must allege that "(1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations." *Sligh v. City of Conroe*, 87 F.4th 290, 304 (5th Cir. 2023) (quoting *Ball v. LeBlanc*, 792 F.3d 584, 596 n.9 (5th Cir. 2015)). Ordinarily, a plaintiff may satisfy this theory by alleging that he identified his disability and its resulting limitations and requested an accommodation "in direct and specific terms." *Id.* If a plaintiff does not so directly request an accommodation, then he must plead sufficient factual matter to support that "the disability, resulting limitation, and necessary reasonable accommodation were open, obvious, and apparent." *Id.* (cleaned up).

Royal challenges the FCR's determination that he has pled insufficient facts to support an inference that the City discriminated against him on the basis of disability. First, Royal argues that the officers had interacted with Royal in the past and therefore "were aware of his mental history." Dkt. No. 68 at 12. Royal similarly argues that the officers were on notice of a mental-health condition because Royal "requested an accommodation or identified his disability and resulting limitations when he called 911 while he was trapped in his car." Dkt. No. 68 at 12; *see also id.* at 26. Royal asserts that the 911 call during the daytime evading put the officers on notice of his disability, such that his disability and his need for accommodation were "open, obvious, and apparent" by the time of the nighttime evasion. *Id.* at 12–13. Her further asserts that the 911 call Royal made "while he was being attacked by police . . . can be construed as his attempts to request accommodation." *Id.* at 26.

Regarding the argument that Royal's 911 call disclosed his disability and "can be construed as his attempts to request accommodation," Royal provides no authority to support his assertion. *See* Dkt. No. 68 at 12, 26. Moreover, even taking as true his allegation that officers knew of the his mental-health issues, the plaintiff must still have requested an accommodation "in direct and specific terms." *Sligh*, 87 F.4th at 304 (quoting *Smith v. Harris County*, 956 F.3d 311, 317 (5th Cir. 2020)). Royal's complaint contains no factual allegations regarding how statements made during the 911 call would have constituted a request for an accommodation, much less how any request was direct and specific. *See* Dkt. No. 45 at 18, 21.

In addition, Royal's allegations lack sufficient facts to plead that his proposed accommodations were open, obvious, and apparent. Royal asserts that his proposed

reasonable accommodations, such as "talking calmly" and admitting Royal to a mental hospital rather than a jail, "were open, obvious, and apparent" because the officers were aware of Royal's mental disability. *See* Dkt. No. 68 at 13. Even accepting that the officers were aware of Royal's mental disability, though, that does not support an inference that Royal's "limitations [or his] . . . specific desired accommodations were open, obvious, and apparent under the given facts," where Royal had was evading arrest, refusing to comply with officers' orders, and had committed aggravated assault on the officers. *Sligh*, 87 F.4th at 305; *see also* Dkt. Nos. 45 at 4, 7–9; 65 at 5, 27–28. Indeed, even when officers are aware of a mental disability, "when dealing in the amorphous world of mental disability," it is often "impossible" to identify the specific disability, accompanying limitations, and reasonable accommodations. *Choi v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, 633 F. App'x 214, 216 (5th Cir. 2015); *see also* Dkt. No. 65 at 27–28.

Moreover, even if Royal had pled a viable ADA claim, the exigent-circumstances exception would mandate dismissal. This doctrine "forclose[s] ADA claims where police officers face exigent circumstances." *Winder v. Gallardo*, 118 F.4th 638, 647 (5th Cir. 2024). Such exigent circumstances include "an officer's on-the-street responses to reported disturbances or other similar incidents . . . prior to the officer's securing the scene and ensuring that there is no threat to human life," regardless of whether the call "involve[s] subjects with mental disabilities." *Hainze v. Richards*, 207 F.3d 795, 801 (5th Cir. 2000). Here, even accepting Royal's argument that the officers knew or should have known that Royal was having delusions and was requesting an accommodation, Royal's allegations also show that he refused to comply with officers' orders, fled the scene in his car during the traffic stop, and was behaving erratically. *See* Dkt. No. 45 at 4, 7–9; *see also* Dkt. No. 65 at

18. Because the officers were attempting to secure the scene and dealing with a suspect that was refusing to comply and evading police orders, those exigent circumstances foreclose Royal's ADA claim. *See Hainze*, 207 F.3d at 801. Accordingly, the Court adopts in full the FCR's recommendation to dismiss Royal's ADA claim against the City and Chief Haggard. *See* Dkt. No. 65 at 29.

**4.     Conclusion**

The Court overrules the plaintiff's objections (Dkt. No. 68) and adopts the FCR (Dkt. No. 65) as the findings of this Court. Accordingly, the Court grants the City and Chief Haggard's motion to dismiss (Dkt. No. 51) and dismisses with prejudice the plaintiff's claims against the City and Chief Haggard. In addition, the Court denies as moot the City and Chief Haggard's motion for a protective order to stay discovery (Dkt. No. 53).

So ordered on March 5, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE